Mark W. Stafford Legal Counsel Kansas Board of Healing Arts 235 S. Topeka Boulevard Topeka, Kansas 66603-3068
Dear Mr. Stafford:
As legal counsel for the Kansas board of healing arts, you request our opinion regarding 1995 house bill no. 2076 (HB 2076). Specifically, you ask whether the earnings limitation established in section 1 of the bill violates the contract clause of the United States constitution. While the bill did not pass during the 1995 legislative session, provisions of the bill are being studied during the interim and may reappear during the next legislative session.
Section 1 of HB 2076 establishes an earnings limitation of $11,160 for calendar year 1995 and all calendar years thereafter. The earnings limitation is applicable to members of the following systems who retired on or after July 1, 1988: the Kansas public employees retirement system (KPERS), the Kansas police and firemen's retirement system (KPF), and the retirement system for judges. A member of any one of these systems is ineligible to receive monthly benefits from KPERS once the earnings limitation is reached. The earnings limitation set forth in HB 2076 resembles earnings limitations set forth in K.S.A. 1994 Supp.74-4914, as amended by L. 1995, ch. 267, sec. 8, applicable to members of KPERS, and K.S.A. 1994 Supp. 74-4957, as amended by L. 1995, ch. 267, sec. 22, applicable to KPF members.
While the earnings limitation proposed in HB 2076 is similar to the earnings limitation set forth in K.S.A. 1994 Supp. 74-4957, as amended, noteworthy distinctions between the two earnings limitations exist. The limitation set forth in K.S.A. 1994 Supp.74-4957, as amended, applies to retirants who retired on or after July 1, 1994, and who are receiving compensation from "the same
state agency or the same police or fire department of any county, city, township or special district or the same sheriff's office of a county" which employed the retirant during the final two years of such retirant's participation in KPF. K.S.A. 1994 Supp.74-4957, as amended (emphasis added). The earnings limitation proposed in HB 2076 would be applicable to retirants who retired on or after July 1, 1988, and who received compensation from "any
participating employer" in KPERS, KPF, and the retirement system for judges. (Emphasis added). The earnings limitation proposed in HB 2076 would therefore be applicable to a greater number of retirants, due both to the retroactive extension of the retirement date and the expansion of employment subject to the earnings limitation.
State retirement systems create contracts between the state and its employees who are members of the systems. Brazelton v. KansasPublic Employees Retirement System, 227 Kan. 443, syl. para. 1 (1980); Singer v. City of Topeka, 227 Kan. 356, 363 (1980);Shapiro v. Kansas Public Employees Retirement System,216 Kan. 353, syl. para. 1 (1975). A participating member of KPF, a division of KPERS, has certain contractual rights based upon the statutes which create the retirement systems and which are a part of the employment contract. Galindo v. City of Coffeyville,256 Kan. 455, 468 (1994). When a person accepts employment with a governmental entity and becomes a participating member of a retirement system, the employee-member gains certain rights which may not be eliminated or substantially changed by unilateral action of the governmental employer to the detriment of the employee-member. Id. Continued employment over a reasonable period of time during which substantial services are furnished to the employer, plan membership is maintained, and regular contributions into the fund are made cause the employee to acquire a contract right in the pension plan. Singer, 227 Kan. at 365. Case law indicates 11 years of service is sufficient to gain such a right. See Singer, 227 Kan. at 364-65. Members of KPF who have 20 years of credited service at the date of termination of employment with a participating employer are statutorily granted a vested retirement benefit in the system. K.S.A. 1994 Supp.74-4963, as amended by L. 1995, ch. 267, sec. 23. The rights are substantial and are vested and subject to the protection afforded by the contract clause of section 10 of article 1 of the United States constitution. Singer, 227 Kan. at 365; Brazelton,227 Kan. at 451. The unilateral retroactive change of vested retirement benefits under an employment contract by a governmental employer to the disadvantage or detriment of its employees without a counterbalancing benefit violates the contract clause of the United States constitution if the change is substantial.Brazelton, 227 Kan. at 451.
The fact that members of a public retirement system may have vested rights in a retirement plan does not preclude modification or amendment of the plan. The state may make reasonable changes or modifications in pension plans in which employees hold vested contract rights, but changes which result in disadvantages to employees must be accompanied by offsetting or counterbalancing advantages. Galindo, 256 Kan. at 468; Singer, 227 Kan. at 367. The reasonableness of legislative changes is to be measured by the advantage or disadvantage to the affected employees as a group or groups; the validity of a change is not dependent upon the effect on each individual employee. Singer, 227 Kan. at 367.
The retroactive extension of the retirement date and the expansion of employment subject to the earnings limitation have the effect of subjecting retirants under KPF to additional criteria in order to continue receiving monthly benefits. Because employees may gain vested contract rights prior to actual retirement, Singer, 227 Kan. at 365, HB 2076 has the effect of making detrimental changes to contract rights protected by section 10 of article 1 of the United States constitution. While the state could make such changes or modifications, counterbalancing advantages must be included. The provisions of HB 2076 did not include a counterbalancing advantage nor was passage of HB 2076 tied to a counterbalancing advantage set forth in another legislative proposal. Under such circumstances, section 1 of HB 2076 would constitute an impairment of contractual rights in violation of section 10 of article 1 of the United States constitution.
In review, a legislative act such as HB 2076 which imposes an earnings limitation applicable to retirants of KPF who were previously not subject to an earnings limitation, or which includes employment previously not subject to an earnings limitation, modifies the vested contractual interests of the retirants and violates the contract clause of the United States constitution if it does not provide an off-setting advantage.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm